NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER I. SHAH, |  |
| Plaintiff, |  |
| v. | Civil Action No. 24-05988 (RK) (TJB) |
| JOHN G. TURNER, III et al., | **OPINION** |
| Defendants. |  |

### KIRSCH, District Judge

**THIS MATTER** comes before the Court upon three motions: two Motions to Dismiss (ECF Nos. 11 and 12), and a Motion to Sanction Plaintiff Peter Shah and to Declare Him a Vexatious Litigant, (ECF No. 25 ("Sanc. Mot.")). All Defendants[1] move to dismiss *pro se* Plaintiff Peter Shah's ("Plaintiff" or "Shah") Verified Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), or, in the alternative, under 12(b)(6). (*See* ECF Nos. 11 and 12). Defendant Maple Energy Holdings, LLC ("Maple Energy") moves for the imposition of a pre-filing injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (*See* Sanc. Mot.) Plaintiff opposes all motions. (*See* ECF Nos. 21, 22, 26 and 28.)

---

[1] Defendants in this matter are: (1) John G. Turner, III, Esq. of Bailey and Glasser, LLP ("Turner"); (2) Patricia M. Kipnis, Esq. of Bailey and Glasser, LLP ("Kipnis"); (3) Elliot C. McGraw, Esq. of Bailey and Glasser, LLP ("McGraw"); (4) Kevin W. Barrett, Esq. of Bailey and Glasser, LLP ("Barrett); (5) Bailey and Glasser, LLP, a law firm; (6) Christopher A. Abbate of Riverstone Credit Partners ("Abbate"); (7) Riverstone Credit Partners; (8) Maple Energy Holdings, LLC ("Maple Energy"); and (9) Vital Energy, Inc. ("Vital").

These Defendants are duplicative of those in the lawsuit filed prior to this one in *Shah I* and pending in the Western District of Texas at Case No. 23-00819 with the exceptions of (1) Riverstone Credit Partners whose holding company, Riverstone Holdings, was named in *Shah I*, and (2) the Railroad Commission of Texas.

Plaintiff's litigation approach has been aptly described by Defendants in various ways, including "scorched earth," (ECF No. 25 at 10) and "abusive[,]" (ECF No. 11-2 at 8)—with the substance of his litigation being described as "meritless," (ECF No. 12-1 at 10), and "outlandish[,]" (ECF No. 27 at 11).[2] Indeed, Plaintiff relitigates previously decided issues, engaging in offensive, *ad hominem* attacks as he goes.[3]

The Court has considered the parties' submissions and resolves the pending motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**, (ECF Nos. 11 and 12), and the Verified Complaint is dismissed.[4] Further, Defendant Maple Energy Holdings, LLC's Motion to Sanction Plaintiff Peter Shah and to Declare Him a Vexatious Litigant, moving for the imposition of a pre-filing injunction pursuant to the All Writs Act, (ECF No. 25), is **GRANTED** in a manner consistent with this Opinion.

## I.    BACKGROUND

This case involves *pro se* litigant Peter Shah's ("Plaintiff" or "Shah") dissatisfaction with certain events that transpired on the property to which he was formally a surface-estate owner in Reeves County, Texas (the "Former Shah Property").[5] *Shah v. Maple Energy Holdings, LLC*, No.

---

[2] All page references refer to the PDF pagination listed in the ECF heading of the filed documents.

[3] *See infra* note 16.

[4] Plaintiff pleads five common law causes of action—fraud against all Defendants except Vital Energy (Count I); breach of fiduciary duty against all Defendants except Riverstone Credit Partners, Maple Energy, and Vital Energy (Count II); "fraud on the Court" against all Defendants except Riverstone Credit Partners and Vital Energy (Count III); "aiding and abetting breach of fiduciary duty" against all Defendants except Bailey and Glasser, LLP and Vital Energy (Count IV); and unjust enrichment against Defendants Abbate, Maple Energy, Riverstone Credit Partners, and "Vital Energy Holdings, LLC" (an entity not named in this litigation) (Count V). Plaintiff seeks a judgment of upwards of $14 million dollars. (*See* Ver. Compl. at 8 ¶ 5.)

[5] Appended as Exhibit A-1 to Defendant Vital's Motion to Dismiss is a July 31, 2023 Memorandum Opinion issued by Justice Lisa Soto of the Eighth Texas Court of Appeals. *Shah v. Maple Energy Holdings, LLC*, No. 08-22-00198-CV, 2023 WL 4879905, at *1 (Tex. App. July 31, 2023), *supplemented*, 676 S.W.3d 820

08-22-00198, 2023 WL 4879905, at *1 (Tex. App. July 31, 2023), *supplemented*, 676 S.W.3d 820

(Tex. App. 2023), *review denied*, (Dec. 1, 2023). The Court details the litigation relevant to this

matter—in federal and state courts—below.

### A. FEDERAL COURT LITIGATION

In late October 2019, the owner of the mineral estate in the Former Shah Property at that

time, MDC Energy Holdings, LLC ("MDC Energy"), filed for Chapter 11 bankruptcy in federal

court in Delaware.[6] *Id.* Around a month later in November 2019, MDC Energy notified Plaintiff

that MDC Energy "intended to construct a tank battery and pipe networks" on the Former Shah

Property. *Id.* Plaintiff objected, at which point MDC Energy offered Plaintiff compensation "for

agreeing to the construction[.]" *Id.* Plaintiff later rejected this offer. *Id.* Proceeding *pro* se, Plaintiff

filed a complaint in bankruptcy court claiming that MDC Energy had no right to access the surface

of the Former Shah Property. *Id.* The bankruptcy court informed Plaintiff that he had not properly

filed his injunction request. *Id.* Plaintiff then filed an administrative claim in the same court in May

2020 where he sought damages for MDC Energy's construction of the tank battery on the Former

Shah Property. *Id.* This administrative claim was later denied. As described by the Eighth Texas

Court of Appeals:

---

(Tex. App. 2023), *review denied* (Dec. 1, 2023) (appended as Ex. A-1 to ECF No. 12.) Justice Soto details the procedural history of the underlying dispute over the Former Shah Property.

The Court recites those facts here for clarity of the record because of their relevance to Plaintiff's repeated attempts to litigate issues surrounding the Former Shah Property across jurisdictions.

[6] That same month, on October 30, 2019 in a case before the Hon. Brian R. Martinotti, U.S.D.J. in this District, Plaintiff filed suit against Luxe Energy LLC and Gray Surface Specialties & Consulting LLC, alleging breach of contract, trespassing, illegal construction of pipelines, and encroachment regarding Luxe Energy LLC's attempts to use a water pipeline on the Former Shah Property. (Case No. 19-19580, *see* ECF No. 1-2.)

Upon consent of the parties, the case was transferred to the Western District of Texas as Case Number 20-00003. (*See id.* at ECF Nos. 9–10.) That Court dismissed with prejudice all claims asserted by Plaintiff on May 7, 2021. (Western District of Texas, Case No. 20-00003, ECF No. 36.)

> The bankruptcy court denied the claim in June 2020, finding that MDC Energy, as the mineral lessee, had the right to the reasonable use of the Property's surface to effectuate the purpose of its leases. It further found installing the tank battery was within MDC Energy's rights as the mineral lessee. The court held that Shah had not presented any evidence to support a finding that Maple Energy's use of the Property was substantially impairing Shah's use of the surface, or that Maple Energy had caused any compensable damage to the Property. Thereafter, Shah filed a similar administrative claim regarding MDC Energy's construction of a pipe network on the Property, which the bankruptcy court denied in a July 2020 order, finding Shah was estopped from bringing the claim based on the doctrines of claim and issue preclusion.

*Id.* at *1.

In June 2021 as part of the bankruptcy court's confirmed bankruptcy plan, Defendant Maple Energy purchased MDC Energy's leases—including a lease encompassing MDC Energy's rights to the Reeves County Property. *Id.* Maple Energy asked Plaintiff if he wished to sell the Former Shah Property or enter into a surface lease agreement, but Plaintiff declined—again, making demands that Maple Energy cease to use the surface of the Former Shah Property. *Id.* at *2. Indeed, Plaintiff took steps to prevent Maple Energy from entering the property, including locking the property, posting "no trespass" signs, and filing an affidavit with the Reeves County Clerk "stating that Shah had sent Maple Energy cease-and-desist letters." *Id.*

Several months later in January 2022, Plaintiff filed suit in New Jersey—the state where he resides and is domiciled. *See Shah v. Maple Energy Holdings, LLC et al* (Case No. 21-20791 ("*Shah I*").) In December 2022, after the matter was fully briefed, the Honorable Tonianne J. Bongiovanni, U.S.M.J. issued an opinion in *Shah I* denying Plaintiff's motion for sanctions as to Defendants Turner, McGraw, and Kipnis which explicitly treated issues that they engaged in the unauthorized practice of law. *See Shah v. Maple Energy Holdings, LLC*, No. 21-20791, 2022 WL 17553068, at *3 (D.N.J. Dec. 9, 2022).

Around this same time, Plaintiff was trying to intervene in a separate federal court action in the Western District of Texas involving the MTE Litigation Trust. (*See Bennet v. Siffin, et al.*, Western District of Texas Case No. 21-00214 (the "MTE Litigation Trust litigation"), with the Motion to Join (ECF No. 66) appended as Ex. 32 to Sanc. Mot.) The MTE Litigation Trust litigation was a suit brought by a trustee for the MTE Litigation Trust on a variety of common law theories regarding defendants' representations made to lenders.[7] (*See id.* with the Opinion (ECF No. 69) appended as Ex. 33 to Sanc. Mot. at 1–3.) In a December 2022 decision, the MTE Litigation Trust litigation Court denied Plaintiff's attempt to intervene and join the MTE Litigation Trust litigation. (*See id.*) Indeed, in his decision, the Honorable Ronald C. Griffin, U.S.M.J. noted that the MTE Litigation Trust litigation was "not related to [Plaintiff's] property at all." (*Id.* at 9.)

In May 2023, *Shah I* was reassigned to the undersigned. (Case No. 21-20791, *see* ECF No. 69.) In an Opinion entered on July 19, 2023, the undersigned denied the three pending motions to dismiss without prejudice and transferred *Shah I* to the Western District of Texas. (Case No. 21-20791, *see* ECF No. 71.) Specifically, in its decision, the Court found that it lacked personal jurisdiction over Defendants and that venue was improper in New Jersey. (*See id.*) The case in the Western District of Texas remains ongoing. (Western District of Texas Case No. 23-00819.)

**B. STATE COURT LITIGATION**

In March 2022, Maple Energy filed a petition seeking a declaratory judgment in state court in Reeves County, Texas. (*See* Ex. 7 to Sanc. Mot. (Maple Energy's petition in Reeves County, Texas).) In its petition, Maple Energy argued that it had the right to use the surface estate in the Former Shah Property as necessary to conduct oil and gas operations under its mineral leases and

---

[7] According to the Western District of Texas' opinion denying Plaintiff's motion, MTE Holdings, LLC was formed "to hold 'a 100% membership interest in MDC.'" (Ex. 33 to Sanc. Mot. at 3.)

sought an injunction to prevent Shah from his continued interference with Maple Energy's rights on the Former Shah Property, as well as seeking an attorney's fee award. (*See id.*); *see Shah v. Maple Energy Holdings, LLC,* 2023 WL 4879905, at *1.

Motion practice followed, and the trial court entered a series of orders on September 22, 2022 denying several of Shah's motions and granting Maple Energy's motion for summary judgment. *Shah v. Maple Energy Holdings, LLC,* 2023 WL 4879905, at *4. Shah appealed, and the Eighth Texas Court of Appeals affirmed the trial court in part and reversed in part, remanding the matter for a hearing on the proper money judgment. *Id.* at *18. In this same litigation, Shah raised the claim that Maple Energy's attorneys of Bailey Glasser, LLP "falsified their fee statement." *Id.* at *4. The Court notes that the substance of that motion included, "among other things, [allegations that] Bailey & Glasser's billing records reflected that Turner, who was Texas-licensed, consulted on the Texas litigation with a non-Texas licensed attorney in his firm, Patricia Kipnis, and billed Maple Energy for the consultation." *Id.* at *4. Justice Lisa Soto, writing for the Eighth Texas Court of Appeals, rejected these claims and denied Shah's motion, writing in pertinent part:

> Shah's allegation of wrongful billing practices is based on his belief that Maple Energy's lead attorney, John Turner, wrongfully billed time for two non-Texas-licensed attorneys in his firm, accusing them of the unlawful practice of law.
>
> . . .
>
> Shah points to nothing in the record to suggest that Kipnis or McGraw engaged in any activities that would constitute the unauthorized practice of law in Texas under this provision. Neither the billing charges for Kipnis and McGraw nor anything else in the record suggests either attorney made an appearance in any Texas court or signed or filed any pleadings in the Texas litigation.
>
> Accordingly, we reject Shah's contention that the billing records reflect unethical or illegal conduct, and we therefore decline Shah's request to void either attorney's fees award on this basis.

6

*Id.* at \*13–14. On remand, Maple Energy consented to the Texas Court of Appeal's suggested remittitur. *Shah v. Maple Energy Holdings, LLC*, 676 S.W.3d 820 (Tex. App. Aug. 31, 2023). Shah appealed to the Supreme Court of Texas. (*See* Ex. E to ECF No. 12.) However, a rehearing was denied by same. (*See id.*) Thus, there was a final judgment in the amount of $85,416.50 entered against Shah which was the amount of attorney's fees Maple Energy "incurred in pursuing its lawsuit," *Shah v. Maple Energy Holdings, LLC,* 2023 WL 4879905, at \*4; *Shah v. Maple Energy Holdings, LLC*, 676 S.W.3d 820 (Tex. App. Aug. 31, 2023). To satisfy the judgment, Maple Energy obtained a writ of execution for the Former Shah Property. (*See* Ex. H to ECF No. 12 (Sheriff's Deed made on March 7, 2023 detailing procedural history of sale of the Former Shah Property).) On March 7, 2023, the sheriff conducted a foreclosure sale of the Former Shah Property, and Maple Energy bought the property at a public auction. (*Id.* at 2.) Maple Energy later conveyed certain interests in the property to Defendant Vital. (*See* Ex. I-1 to Decl. of Nathan Morrison (Assignment and Bill of Sale from Maple Energy to Vital Energy).) Accordingly, Shah no longer owns any interest in the Former Shah Property.

## C. *PRO SE* PLAINTIFF'S LITIGATION STRATEGY

Plaintiff has filed at least six cases in New Jersey District Court, half of which pertain to disputes over the Former Shah Property.[8] The latest iteration of Plaintiff's discontentedness

---

[8] In addition to these six cases, the Court is aware of at least five other federal court cases in which Plaintiff has some involvement. Appended to Defendant Vital Energy's Motion to Dismiss is a PACER report returning the cases to which Plaintiff is a party. (*See* Ex. D to ECF No. 12.) This report lists twelve federal court cases, of which the Court has confirmed Plaintiff has had involvement in eleven of them. Most of the federal court litigation has been filed within the Third Circuit. Six of these cases—inclusive of the case presently at bar—are filed in the District of New Jersey. *See Shah v. Turner et al.*, (Case No. 24-05988); *Shah v. State Bank of India* (Case No. 23-23421); *Shah v. Maple Energy Holdings et al.*, (Case No. 21-20791 ("*Shah I*"); *Shah v. Luxe Energy LLC et al.*, (Case No. 19-19580); *Shah v. Caesar's Entertainment Corp. et al.*, (Case No. 18-14108); *Shah v. Bank of America, NA et al.*, (Case No. 16-06168). Three of these cases pertain to the Former Shah Property. Two of these six cases have been transferred to the Western District of Texas. *See Shah v. Maple Energy Holdings et al.*, (Case No. 21-20791); *Shah v. Luxe Energy LLC et al.*, (Case No. 19-19580).

surrounds attorney's fees and the unauthorized practice of law. However, at a high level, these three cases stem from Plaintiff's allegations surrounding mineral operations on the Former Shah Property that Plaintiff claims were conducted illegally and/or in contravention of his property rights. Today's incarnation of Plaintiff's dissatisfaction is that Defendant Turner "et al. robbed [Plaintiff] of [his] valuable real estate by falsifying affidavits and breaking the law. All defendants are involved in an elaborate fraudulent scheme. Maple Energy sold [Plaintiff's] real estate for millions of dollars for ill-gotten gains."[9] (ECF No. 1 ("Ver. Compl") at 5.) Plaintiff claims that, in a separate lawsuit by Maple Energy (seemingly the Texas state court proceedings where a judgment of around $85,000 was entered against Plaintiff), Defendant Turner and co-Defendants "filed two sworn fee applications in the Reeves County Court seeking a total of about $95000 in attorney fee payments." (Ver. Compl at 11 ¶ 31 (citing Ex. B to Ver. Compl.).) Plaintiff argues that the filing of these fee applications in Texas—which were fee applications that involved non-Texas-barred attorneys—amounts to the unauthorized practice of law. (*Id.* ¶¶ 32–33.)

From the outset, this issue has already been decided by no fewer than two other courts. Indeed, this very Court decided this issue when Judge Bongiovanni denied Plaintiff's claims on December 9, 2022 in *Shah I. Shah v. Maple Energy Holdings, LLC*, No. 21-20791, 2022 WL

---

As to his litigation in the Western District of Pennsylvania, *Shah et al. v. United States of America*, (Case No. 12-119), this involved the foreclosure of a property owned by Plaintiff and another individual in Clearfield County, Pennsylvania. (*See* Case No. 12-119, ECF No. 48.) The Western District of Pennsylvania dismissed Plaintiff's complaint with prejudice on various grounds, including *res judicata.* (*See id.* 16–25.)

While the PACER report provides two cases filed in Bankruptcy Court for the District of Delaware, the Court has only been able to confirm Plaintiff's involvement in *MTE Holdings LLC* (Case No. 19-12269), which involved the bankruptcy proceedings of Maple Energy's predecessor in interest to the exploration rights on the Former Shah Property. *See In re MTE Holdings LLC*, No. 19-12269 (Bankr. D. Del.); *see also In re MDC Energy LLC*, No. 19-12385 (Bankr. D. Del.).

[9] This is presumably a reference to Defendants Kipnis and McGraw, who were the subjects of these same allegations in the Texas state court proceedings. *See Shah v. Maple Energy Holdings, LLC*, 2023 WL 4879905, at *13.

17553068 (D.N.J. Dec. 9, 2022). Additionally, as noted above, this issue was litigated and decided in the state court litigation in Texas. (*See* discussion at *supra* at 5–7.) In light of Plaintiff's extraordinary litigiousness, the following explication is likely an exercise of futility. However, the Court shall nonetheless endeavor to provide Plaintiff with the bases—yet again—for the dismissal of but one of his serial filings involving the Former Shah Property.

## II.    LEGAL STANDARD

### A.    MOTION TO DISMISS

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint based on lack of subject matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack jurisdictional attack. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In this context, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). By contrast, in reviewing a factual attack, the court may weigh and consider evidence outside of the pleadings. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, allegations that are "no more than conclusions" may be disregarded. *Id.* at 679. Restatements of the elements of a claim are legal conclusions, and therefore, are inadequate alone to survive dismissal. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The court accepts allegations in the complaint as true and gives the plaintiff "the benefit of every favorable inference to be drawn therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Collateral estoppel, an affirmative defense, may be appropriate grounds on which to dismiss a complaint under Rule 12(b)(6). *See Walzer v. Muriel, Siebert & Co., Inc.*, 221 Fed. Appx. 153, 155 (3d Cir. 2007) ("Although *res judicata* and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Mitchell v. Vincente,* No. 12-03394, 2014 WL 1092760, at *4 (D.N.J. Mar. 18, 2014) ("It is well settled that '[a]lthough *res judicata* and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(6).'" (internal citations omitted)).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

**B.  PRE-FILING INJUNCTION PURSUANT TO THE ALL WRITS ACT**

Under the All Writs Act, 28 U.S.C. § 1651, district courts are authorized "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989) (internal citations omitted); *see also Banda v. Corzine*, No. 07-4508, 2007 WL 3243917, at *19 (D.N.J. Nov. 1, 2007) (providing that it is "well within the broad scope of the All Writs Act . . . for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets." (internal citations omitted)).

To issue a pre-filing injunction under the All Writs Act, a court must ensure the following: "(1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case." *Hill v. Lycoming Cnty. Gov't*, No. 21-2214, 2022 WL 767036, at *1 (3d Cir. Mar. 14, 2022) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). "Repeated filings of identical claims despite prior judgment on the merits constitute exigent circumstances under the first prong of this test." *Fink v. Bishop*, No. 23-0566, 2024 WL 863300, at *11 (D.N.J. Feb. 29, 2024), *aff'd*, No. 24-1581, 2024 WL 4449746 (3d Cir. July 29, 2024) (internal citations omitted), *petition for cert. filed* (Dec. 19, 2024). As to the third prong, injunctions are "narrowly tailored . . . where they are limited to the subject of Plaintiff's abusive filings." *Id.* (citations omitted).

A litigant must have notice that a litigation preclusion order may issue. Often, this is done in the form of a show cause order where the Court is issuing a pre-filing injunction *sua sponte*. *See*

*Brow*, 994 F.2d at 1030 (vacating the District Court's order, where the District Court "entered an order, *sua sponte*, restraining [Plaintiff] from filing any subsequent lawsuits . . . without the District Court's approval. The District Court offered no justification for this broad order, and failed to provide Brow with notice and an opportunity to be heard before entering the injunction."); *Telfair v. Office of U.S. Attorney*, 443 F. App'x 674, 677 (3d Cir. 2011) (noting where the District Court had entered a pre-filing injunction *sua sponte*, Plaintiff was "entitled to notice before such an injunction [was] issued so that he may have an opportunity to show cause why he should not be enjoined"). However, a party's motion for sanctions may constitute sufficient notice. *Haviland v. Specter*, 561 F. App'x 146, 149 (3d Cir. 2014) (noting where plaintiffs had been served with multiple motions for sanctions and where a response was filed to one motion and letters were submitted regarding same, sufficient notice was provided); *see also Fink,* 2024 WL 863300, at *11.

### III.    **DISCUSSION**

#### A.    **MOTION TO DISMISS**

Plaintiff's suit must be dismissed first because this Court does not possess subject matter jurisdiction over the present dispute. There are two prospective bases for this Court's subject matter jurisdiction here: diversity jurisdiction pursuant to 28 U.S.C. § 1332 and jurisdiction pursuant to 28 U.S.C. § 1334(b).[10] The Court does not possess subject matter jurisdiction under either basis.

*First*, complete diversity does not exist here. There is incomplete diversity because Defendant Kipnis is domiciled in and a resident of the State of New Jersey—as is Plaintiff. (*See*

---

[10] Although Plaintiff initially lists only diversity as the basis of the Court's jurisdiction, (Ver. Compl. at 4), he later pleads in his same Verified Complaint that 28 U.S.C. § 1334(b) "may also" be a basis for the Court's jurisdiction. (Ver. Compl. at 10 ¶ 28.) Given Plaintiff's *pro se* status, the Court considers both bases.

Ex. A to ECF No. 11 ("Kipnis Cert.") ¶ 5; *see also* Ver. Compl. at 1.) While Plaintiff pleads that Defendant Kipnis is domiciled in and a resident of Pennsylvania, (Ver. Compl. at 9 ¶ 19), according to her Declaration, Defendant Kipnis is domiciled in and a resident of the State of New Jersey, having resided in Cherry Hill since 2003. (Kipnis Cert. ¶ 5.) Complete diversity therefore does not exist.[11] *Second,* the Court does not possess subject matter jurisdiction under 28 U.S.C. § 1334(b). Although Plaintiff pleads that this Court "may" have subject matter jurisdiction under 28 U.S.C. § 1334(b), which confers District Courts with original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11[,]" this argument is without legal merit. Plaintiff appears to believe that he can tack-on arguments relating to the Former Shah Property to MDC Energy's bankruptcy proceedings despite the fact that this litigation has no relationship to MDC Energy's bankruptcy or to MDC Energy. MDC Energy is not a defendant in this litigation nor have any allegations regarding MDC Energy been pled. MDC Energy is the predecessor in interest from whom Defendant Maple Energy purchased its original leasehold in the Former Shah Property. *See Shah v. Maple Energy Holdings, LLC*, 2023 WL 4879905, at *1. Ostensibly, then, Plaintiff is arguing that—because his claims are "related to" MDC Energy's bankruptcy by virtue of the fact that they surround the Former Shah Property— subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) exists. The Court finds no legal support for such a claim, where a proceeding—wholly divorced of the MDC Energy bankruptcy and with no relationship to any other bankruptcy proceeding—could allow Plaintiff to piggyback his common law causes of action into federal court.

---

[11] Because individual Defendant Kipnis is a resident of New Jersey, thereby destroying complete diversity, the Court declines to analyze whether her law firm, Bailey and Glasser, LLC is also properly considered a resident for the purposes of diversity jurisdiction in the State of New Jersey.

Even assuming the Court possesses subject matter jurisdiction over this litigation, Plaintiff's claims would still fail because of the collateral estoppel doctrine, thus meriting the Verified Complaint's dismissal with prejudice. For a party to be collaterally estopped from relitigating an issue, the following elements must be satisfied: "(1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997) (citing *In re Ross*, 602 F.2d 604, 608 (3d Cir.1979)).

These elements are easily satisfied here. As to prongs one and three—whether the issue to be precluded is the same as the issue involved in the prior action and whether there was a valid and final judgment—the answer to both of these questions is yes. As indicated above, the issue here is identical to one of the issues resolved in *Shah I* which Judge Bongiovanni decided in a comprehensive written opinion. *See Shah v. Maple Energy Holdings, LLC*, No. 21-20791, 2022 WL 17553068 (D.N.J. Dec. 9, 2022). Plaintiff now seeks to relitigate his claims of the unauthorized practice of law purportedly committed by Defendants Turner, McGraw, and Kipnis, which Plaintiff argues were accomplished by the filing of fee affidavits. (*See* Ver. Compl. ¶¶ 31–33.) These same claims were raised before this Court in 2022—albeit in the guise of a motion for sanctions against these attorneys—which were squarely rejected by Judge Bongiovanni. In rejecting these claims in her 2022 decision, Judge Bongiovanni first noted that Defendant had sought a "similar[]" order in Texas,[12] before dispensing with Plaintiff's argument. *Id.* at *1. In

---

[12] The Court notes that this issue was indeed raised in the state court proceedings in Texas. (*See* Ex. A-1 to ECF No. 12 at 25.) However, because the issue before the Court was also decided by a federal court, the Court relies primarily on the effect of the federal court decision. Accordingly, the Third Circuit's formulation of the federal collateral estoppel doctrine controls. *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997).

rejecting this claim, Judge Bongiovanni noted that it is "not unusual for members of the same law firm to discuss and coordinate on behalf of a client, who may require active representation in several jurisdictions at once." *Id.* at *3. She then stated that the "collaboration between Ms. Kipnis and Mr. Turner, both members of the same firm who were representing and billing the same client, does not warrant the imposition of sanctions." *Id.* Thus, the Court concludes that a final decision on the merits was issued by this same Court on this same issue in the form of Judge Bongiovanni's December 2022 Memorandum and Order that denied Shah's motion for sanctions. *See id.*

To the second prong—if this issue was actually litigated—the answer is yes. Briefing was submitted on this same argument in *Shah I*. (*See* Case No. 21-20791, ECF Nos. 41, 43 and 46). Plaintiff had the opportunity to fully develop and brief his arguments surrounding same, which he did. *See In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020,* 337 F.R.D. 639, 647 (N.D. Cal. 2020) (noting where "largely identical" arguments and briefing had been made in the District of Arizona, the issues before the court had actually been litigated for the purposes of collateral estoppel). While he attempts to recast his claims as a general suit on other common law causes of action, at its core, Plaintiff is relitigating the subject of the motion for sanctions that has already been briefed and decided. This prong is also satisfied.

Finally, as to the fourth prong, whether the determination was essential to the prior judgment, the answer is also yes. The argument at bar was the subject of the motion for sanctions that Judge Bongiovanni denied. *See Shah v. Maple Energy Holdings, LLC,* No. 21-20791, 2022 WL 17553068 (D.N.J. Dec. 9, 2022). Therefore, Plaintiff's attempts to relitigate these issues are barred under the collateral estoppel doctrine, and the Verified Complaint must be dismissed. Although Plaintiff is similarly estopped by the judgment of the Eighth Texas Court of Appeals,[13]

---

[13] Under Texas law, to establish collateral estoppel, "a party must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential

given that Plaintiff is clearly estopped by an order of this very Court in *Shah I*, the Court principally relies upon the aforementioned decision. Given that collateral estoppel bars the assertion of these claims, the Verified Complaint is dismissed with prejudice and the Court declines to address Defendants' other numerous bases for dismissal.[14]

## B. VEXATIOUS LITIGANT

The Court next addresses Defendant Maple Energy's Motion to Sanction Plaintiff and Declare him a Vexatious Litigant, imposing a pre-filing injunction upon Plaintiff pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Maple Energy requests a pre-filing injunction enjoining Plaintiff "or anyone acting on his behalf[]" from filing a suit or claim in federal court in the Third Circuit or before any federal agency in the Third Circuit involving the same Defendants and "relating in any way" to the Former Shah Property. (ECF No. 25 at 33–34.) Plaintiff opposes same by submitting two oppositions: one comprised of 407 pages, (ECF No. 26), and the other comprised of 419 pages, (ECF No. 28)—the latter of which consists almost entirely of filings

---

to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Respler on Behalf of Magnum Hunter Res. Corp. v. Evans*, 17 F. Supp. 3d 418, 420 (D. Del. 2014) (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002)). Here, all three elements are likely satisfied since the facts before the Court now were addressed—and rejected—in Justice Soto's thorough opinion. *See Shah v. Maple Energy Holdings, LLC*, 2023 WL 4879905, at *13 (discussing Plaintiff's arguments and noting that "[a]s he did in his motion for sanctions against Maple Energy in the trial court, Shah contends . . . that these charges show Kipnis and McGraw were engaged in the unauthorized practice of law, thereby rendering the firm's billing records fraudulent.") Obviously too these findings were essential to that judgment given that attorney's fees involving those same affidavits were awarded in the Texas state court proceedings. *Shah v. Maple Energy Holdings*, LLC, 676 S.W.3d 820 (Tex. App. Aug. 31, 2023). Furthermore, the parties were adversaries since Plaintiff was moving for sanctions against the attorneys representing Maple Energy in that action. *Shah v. Maple Energy Holdings, LLC*, 2023 WL 4879905, at *4. Therefore, Plaintiff is similarly estopped by the Eighth Texas Court of Appeals' judgment on same.

[14] For example, the Court also notes that at least two of the other bases upon which Defendants move to dismiss—lack of personal jurisdiction and improper venue—were analyzed by the undersigned in a detailed Memorandum Opinion in *Shah I*. (Case No. 21-20791, ECF No. 72.) As the Court has previously indicated, with two exceptions, the Defendants in this matter are identical to those in *Shah I*. (*Compare* Ex. G to ECF No. 12 (*Shah I* Docket sheet), *with* 24-05988 Docket Sheet.) Therefore, although the Court declines to undertake such an analysis again, the bases upon which the Court originally dismissed and transferred Plaintiff's claims in *Shah I* are likewise applicable here.

from his other court proceedings surrounding the Former Shah Property, including an opposition brief and affidavit that he also filed in the ongoing litigation in the Western District of Texas. (*See* ECF No. 28 (appending a response submitted in the Western District of Texas, Case No. 23-00819) at Ex. A).)

Before issuing a pre-filing injunction under the All Writs Act, a court must ensure: "(1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case." *Hill*, 2022 WL 767036, at *1 (internal citations omitted).

These elements are easily met here. Looking only at the exigent circumstances prong, the Court notes that this is Plaintiff's third attempt to litigate his claims regarding the purported unauthorized practice of law committed by Defendants Turner, McGraw, and Kipnis. *First*, as described in detail above, Plaintiff litigated this issue in the *Shah I*. Judge Bongiovanni denied his claims when she issued her decision and order in December 2022 which directly addressed and denied the motion for sanctions—which was comprised of the substance of this current case. *See Shah v. Maple Energy Holdings, LLC*, No. 21-20791, 2022 WL 17553068 (D.N.J. Dec. 9, 2022). *Second*, Plaintiff litigated this issue in Texas state court. As evidenced by the Texas Court of Appeals' decision dated July 31, 2023, Plaintiff explicitly raised these very same arguments in Texas. Justice Soto described: "Shah contends on appeal that these charges show Kipnis and McGraw were engaged in the unauthorized practice of law, thereby rendering the firm's billing records fraudulent. Shah fails to cite to any authority indicating that their actions constituted the

unauthorized practice of law." *Shah v. Maple Energy Holdings, LLC,* 2023 WL 4879905, at *13.

Moreover, Justice Soto rejected these claims, stating:

> Shah's allegation of wrongful billing practices is based on his belief that Maple Energy's lead attorney, John Turner, wrongfully billed time for two non-Texas-licensed attorneys in his firm, accusing them of the unlawful practice of law.
>
> . . .
>
> Shah points to nothing in the record to suggest that Kipnis or McGraw engaged in any activities that would constitute the unauthorized practice of law in Texas under this provision. Neither the billing charges for Kipnis and McGraw nor anything else in the record suggests either attorney made an appearance in any Texas court or signed or filed any pleadings in the Texas litigation. Accordingly, we reject Shah's contention that the billing records reflect unethical or illegal conduct, and we therefore decline Shah's request to void either attorney's fees award on this basis.

*Id.* at *13–14. Now, Plaintiff seeks to litigate this issue *a third time*—even though this issue has been decided by *two* other courts in *two* different jurisdictions. Courts have recognized that "[r]epeated filings of identical claims despite prior judgment on the merits constitute exigent circumstances under the first prong of this test." *Fink,* 2024 WL 863300, at *11 (internal citations omitted). This alone satisfies the exigent circumstances element.

Even if the two other decisions did not satisfy the exigent circumstances element in themselves, there is other support for a finding of exigent circumstances. When looking more broadly at all litigation Plaintiff has filed regarding the Former Shah Property, Plaintiff has exhibited a similarly abusive litigation pattern. Plaintiff repeatedly litigates issues surrounding Defendant Maple Energy's (and others') rights to oil and gas operations on Former Shah Property under the lease—many of which have already been decided. For example, Plaintiff litigated these issues in Bankruptcy Court in Delaware, where he lost. *See Shah v. Maple Energy Holdings, LLC,* 2023 WL 4879905, at *1. Plaintiff also litigated these issues in state court in Texas, where he also lost. *See generally id.* Plaintiff also attempted to intervene in a separate case in the Western District

of Texas to reassert these claims, an attempt that was subsequently denied. (*See Bennet v. Siffin, et al.*, Western District of Texas Case No. 21-00214, appended as Ex. 32 and Ex. 33 to Sanc. Mot.). Plaintiff also attempted to litigate issues of the leasehold before the undersigned in *Shah I* before that case was transferred to the Western District of Texas where it remains pending. (*See* Case No. 21-20791, ECF No. 71; *see also* Western District of Texas Case No. 23-00819.) Looking more broadly than issues involving oil and gas on the Former Shah Property, Plaintiff filed *yet another* case against two separate entities that he believed were improperly exercising their rights to implement water pipelines on the Former Shah Property—another case where he also lost. (*See* Case No. 19-19580, ECF No. 1-2.) Clearly, Plaintiff's litigiousness surrounding the Former Shah Property (and beyond) can only be described as unrelenting and abusive.[15]

Further, exigent circumstances exist because the fact that Plaintiff loses his case does not deter him from attempting to double-dip and file his case again, and/or resorting to filing in another court or jurisdiction. As pointed out by Defendant Maple Energy, a monetary judgment of more than $85,000.00 entered against Plaintiff in Texas state court was insufficient to convey to Plaintiff that his arguments were unavailing. Eventually, Plaintiff's litigiousness cost him his property, which was sold at a forced sale. (*See* Ex. H to ECF No. 12.) Overall, this leads to a greater point: defending these suits imposes incredible expense and burden upon Defendants, many of whom are from out of state (or out of Circuit). Plaintiff's continual habit of filing cases that have already been decided in this Circuit—two of which have been transferred to the Western District of Texas already on the basis of improper venue—is abusive and cannot continue to be idly countenanced. Defendants are forced to defend themselves against repetitive litigation, including on issues which other courts have labeled as "frivolous . . . , the circumstances of which are egregious[.]" *Shah v.*

---

[15] *See* discussion at *supra* note 8.

*Maple Energy Holdings, LLC*, 2023 WL 4879905, at *18. What is more, this behavior imposes a significant burden on courts across jurisdictions. (ECF No. 25 at 32 ("[T]he consistent filing of frivolous lawsuits and the related motions creates an enormous burden on the courts that have to address these issues.").)

The Court also notes that Plaintiff's attacks in this litigation have taken personal and disturbing turns, including a comparison of one Defendant to a convicted murderer of a family member of another member of the federal judiciary.[16] Other courts in our Circuit have found that the use of offensive and derogatory language towards both the court and to other parties—in conjunction with other factors—can present exigent circumstances. *Hill*, 2022 WL 767036, at *2 (the Third Circuit—in a non-precedential decision—in finding "that exigent circumstances existed . . . justifying the imposition of a [pre-filing] injunction[,]" noted that plaintiff had filed dozens of actions in the Middle District of Pennsylvania and numerous appeals in the Third Circuit and "often utilize[ed] offensive and derogatory language toward[] the courts and parties.") The first prong is clearly satisfied here.

To the second prong, there was a motion for sanctions to which Plaintiff had the opportunity to respond to and to which he did respond—with two separate responses, including his unpermitted sur-reply. In his two responses, Plaintiff put forward few arguments as to why a pre-filing injunction should not issue—generally arguing instead that Maple Energy and its

---

[16] Plaintiff writes the following in his Verified Opposition to one of the Motions to Dismiss:

> Please know that over 50% of the white collar crime in this country have a lawyer or lawyers involved in it. Over 10% of lawyers in this country files for bankruptcy-highest among any professions. This is the bitter truth, which also reminds me of a lawyer and murderer of Hon Judge Esther Salas' son. What have [sic] legal profession become?

(ECF No. 22 at 8 n.1; *see also* ECF No. 26 at 157 n.1) In addition, Plaintiff's opposition to the Motion for Sanctions contains accusations against Judge Bongiovanni, including that she was complicit in his "blackmail" with regards to settlement documents in *Shah I*. (*See* ECF No. 28 at 20, 86.)

lawyers are dishonest. (*E.g.*, ECF No. 26 at 11–16; ECF No. 28 at 11, 14, 17, 23.) Instead, Plaintiff's filing further highlights the appropriateness of the remedy of a pre-filing injunction. This is because the extent of Plaintiff's opposition appears to be appending a variety of court documents from his proceedings relating to the Former Shah Property throughout different courts—including his opposition to the same motion pending in the Western District of Texas. (*See* ECF No. 28.) The Motion for Sanctions and Plaintiff's responses are sufficient notice and opportunity to be heard that a pre-filing injunction will issue. *Fink*, at *12 (finding that *pro se* plaintiff received sufficient notice that a prefiling injunction would issue where two separate parties had moved for sanctions and plaintiff had responded to both.) This prong too is satisfied.

To the third prong, injunctions are to be "narrowly tailored . . . [and] limited to the subject of Plaintiff's abusive filings." *Id.* (citations omitted). Defendant Maple Energy's proposed pre-filing litigation injunction is broad, pertaining to the filing of a suit or claim in federal court by Plaintiff or any other individual acting on Plaintiff's behalf in the Third Circuit or before any federal agency in the Third Circuit involving the same Defendants and "relating in any way" to the Former Shah Property. (ECF No. 25 at 29.) A pre-filing injunction of this breadth is not narrowly-tailored to the issues of this case, which treats Plaintiff's re-litigation of his arguments regarding the unauthorized practice of law. Accordingly, a pre-filing injunction—limited to Plaintiff's arguments surrounding fee affidavits and the unauthorized practice of law as it pertains to the Former Shah Property—is appropriate. Further, this pre-filing injunction shall be limited to Plaintiff's filings in the District of New Jersey. Such an injunction is narrowly-tailored to the circumstances of this case and serves to prevent the unnecessary waste of resources of both the parties and of this Court, which itself has been forced to issue repeated decisions dealing with the same issues that this Court and others have already dispensed with. Thus, a pre-filing injunction

in conformity with this Opinion shall issue enjoining Plaintiff from filing any case in the District of New Jersey related to his arguments about attorney's fees or the unauthorized practice of law as it relates to the Former Shah Property without the Court's express permission.

Finally, the Court notes that Plaintiff skirts dangerously close to the imposition of a broader pre-filing injunction. As has been laid out in meticulous detail above, Plaintiff has demonstrated over and again that he will litigate issues with respect to the Former Shah Property that have already been decided by other Courts—issues that are consequently denied on the grounds of issue preclusion. (*See* discussion at *supra* at 4–7.) What is more, Plaintiff is actively litigating many of these claims since Plaintiff's suit in *Shah I* is ongoing after having been transferred from this District to the Western District of Texas. Accordingly, Plaintiff is on notice in no uncertain terms of the following. Subsequent litigation in the District of New Jersey surrounding issues with the Former Shah Property puts Plaintiff at risk of a broader pre-filing injunction enjoining him from all filings pertaining to the Former Shah Property without prior permission of the Court. Should Plaintiff again try to litigate an issue already decided herein or within *Shah I*, the Court will not hesitate to issue an order to show cause before imposing a broader pre-filing injunction *sua sponte* as notice is hereby issued.

## CONCLUSION

For the foregoing reasons, all Defendants' Motions to Dismiss are **GRANTED**. (ECF Nos. 11 and 12.) The Verified Complaint is dismissed with prejudice. Further, Defendant Maple Energy's Motion to Sanction Plaintiff Peter Shah and to Declare Him a Vexatious Litigant is **GRANTED**, (ECF No. 25), in a manner consistent with this Opinion. Defendant Maple Energy shall submit a proposed form of Order within fourteen (14) days of this Opinion. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: January 7, 2025